1  LAW OFFICES OF DALE K. GALIPO
   Dale K. Galipo, Esq. (Bar No. 144074)
2  dalekgalipo@yahoo.com
   Kaveh Navab, Esq. (Bar No. 280235)
3  Knavab@galipolaw.com
   21800 Burbank Boulevard, Suite 310
4  Woodland Hills, California 91367
   Telephone: (818) 347-3333
5  Facsimile: (818) 347-4118

FILED
2013 OCT 11  PM 3: 35
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY_____

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SARA VALTIERRA, an individual;
JAVIER ARRAZOLA, an individual,

   Plaintiff,

vs.

CITY OF LOS ANGELES, and DOES
1-10, inclusive,

   Defendants.

Case No. CV13-07562-CAS (Ex)

**COMPLAINT FOR DAMAGES**

1. Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)
2. Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)
3. Unreasonable Search and Seizure-Denial of Medical Care (42 U.S.C. § 1983)
4. Substantive Due Process (42 U.S.C. § 1983)
5. Municipal Liability for Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)
6. False Arrest/False Imprisonment
7. Battery (Wrongful Death)
8. Negligence (Wrongful Death)

**DEMAND FOR JURY TRIAL**

---

COMPLAINT FOR DAMAGES

# COMPLAINT FOR DAMAGES

Plaintiffs SARA VALTIERRA and JAVIER ARRAZOLA, for their complaint against Defendants CITY OF LOS ANGELES and DOES 1-10, inclusive, allege as follows:

## INTRODUCTION

1. This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the officer(s) handcuffing and tasing of JAVIER JUNIOR ARRAZOLA by DEFEDANTS CITY OF LOS ANGELES and DOES 1-10, inclusive.

## VENUE AND JURISDICTION

2. Venue is proper in this District because the underlying acts, omissions, injuries and related facts and circumstances giving rise to the present action occurred in this District.

3. This Court has jurisdiction over plaintiffs' federal claims under 42 U.S.C. § 1983 pursuant to 28 U.S.C. §§ 1331 and 1334. Plaintiffs further invoke pendant jurisdiction of this Court to consider the claims arising under the law.

## PARTIES

4. Plaintiffs SARA VALTIERRA (hereinafter "SARA") and JAVIER ARRAZOLA (hereinafter "JAVIER") were the parents of JAVIER JUNIOR ARRAZOLA (hereinafter "DECEDENT"). Plaintiffs bring this action individually and as heir and successor in interest to the decedent. Plaintiffs are seeking both wrongful death damages and survival damages under federal and state law.

5. At all relevant times, Decedent was a resident of the County of Los Angeles, State of California.

6. At all relevant times, Plaintiffs resided in the County of Los Angeles, State of California.

7. Defendant CITY OF LOS ANGELES (hereinafter "CITY") is and was a duly organized public entity, form unknown, existing under the laws of the State of California. At all relevant times, CITY was the employer of Defendants DOES 1 through 5 ("DOE OFFICERS"), who were CITY Police Officers and DOES 6 through 10 ("DOE SUPERVISORS"), who were managerial, supervisorial, and policymaking employees of the CITY Police Department. At all relevant times, DOE OFFICERS and DOE SUPERVISORS were residents of Los Angeles, California. DOES 1-10 are sued in their individual capacity for damages only.

8. At all relevant times, Defendants DOE OFFICERS and DOE SUPERVISORS were duly authorized employees and agents of the CITY, who were acting under color of law within the course and scope of their respective duties as employees of the CITY and with the complete authority and ratification of their principal, Defendant CITY.

9. At all relevant times, Defendants DOE OFFICERS and DOE SUPERVISORS were duly appointed officers and/or employees or agents of CITY, subject to oversight and supervision by CITY's elected and non-elected officials.

10. At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every defendant herein.

11. The true identities of defendants DOES 1 through 10, inclusive, are unknown to PLAINTIFFS, who therefore sues these defendants by such fictitious names. PLAINTIFFS will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

12. In doing the acts and failing and omitting to act as hereinafter described, Defendants DOE OFFICERS and DOE SUPERVISORS were acting on the implied and actual permission and consent of CITY.

13. On March 25, 2013, PLAINTIFFS filed a comprehensive and timely claim for damages with CITY pursuant to applicable sections of the California Government Code.

14. On April 18, 2013, the CITY formally denied said claims.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

15. PLAINTIFF repeats and realleges each and every allegation in paragraphs 1 through 14 of this Complaint with the same force and effect as if fully set forth herein.

16. On or about October 1, 2012, decedent was lawfully at 18400 West Valerio St., Reseda, California.

17. As decedent was walking through the apartment complex located at 18400 West Valerio St., he was approached and apprehended by DOE OFFICERS.

18. Thereafter, without provocation or legal justification, DOE OFFFICERS subjected decedent to excessive force, including but not limited to, hitting, punching and tasering decedent while he was already in handcuffs, demonstrating a deliberate indifference to the health and well being of decedent.

19. On information and belief, Decedent was subjected to the aforementioned force when he was not resisting the DOE OFFICERS. Decedent did not strike or attempt to strike the officers. The repeated tasering of decedent once he was handcuffed and other force used against decedent was unreasonable and excessive under the circumstances, demonstrating a deliberate indifference which shocks the conscience.

20. As a result of the excessive and unreasonable use of force against decedent by the aforementioned DOE OFFICERS, decedent sustained severe injuries and eventually died.

21. As a result of the foregoing, decedent suffered intense physical and emotional pain, anguish, distress and despair, and eventually died.

22. On information and belief, at the time of the assault, a reasonable officer in the position of DOE OFFICERS would not believe that decedent posed an imminent threat to anyone's safety.

## FIRST CLAIM FOR RELIEF

### Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)
### (Against Defendants DOE OFFICERS)

23. PLAINTIFFS repeat and reallege each and every allegation in paragraphs 1 through 22 of this Complaint with the same force and effect as if fully set forth herein.

24. Defendants DOE OFFICERS' detained decedent without reasonable suspicion and arrested decedent without probable cause in violation of his right to be secure in his person against unreasonable searches and seizures as guaranteed to them under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

25. On information and belief, the conduct of the Defendant DOE OFFICERS was willful, wanton, malicious and done with reckless disregard for the rights and safety of decedent and plaintiff, and therefore warrants the imposition of exemplary and punitive damages as to DOE OFFICERS.

26. As a result of the conduct of Defendant DOE OFFICERS, they are liable for decedent's injuries, either because they were an integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

27. Decedent was detained without reasonable suspicion and arrested without probable cause.

28. Accordingly, Defendant DOE OFFICERS are each liable to Plaintiff for compensatory and punitive damages, including both survival damages and wrongful death damages, under 42 U.S.C. § 1983.

///

## SECOND CLAIM FOR RELIEF

### Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)

### (Against Defendant DOE OFFICERS)

29. PLAINTIFFS repeat and reallege each and every allegation in paragraphs 1 through 28 of this Complaint with the same force and effect as if fully set forth herein.

30. DOE OFFICERS' unreasonable use of force against decedent, including but not limited to, hitting, punching and tasering him while he was in handcuffs, deprived him of his right to be secure in his person against unreasonable searches and seizures as guaranteed to the decedent under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment, and further deprived decedent of due process as guaranteed to the him under the Fourteenth Amendment to the United States Constitution.

31. Given their use of force against decedent, Defendants DOE OFFICERS' knew that failure to treat decedent's medical condition could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing him great bodily harm and eventually death.

32. Defendants' actions thus deprived decedent of his right to be free from unreasonable seizures under the Fourth Amendment as applied to state actors by the Fourteenth Amendment.

33. As a result of the aforementioned excessive and unreasonable force, decedent was caused to suffer severe pain and suffering and ultimately died. Also as a direct and proximate result of DOE OFFICERS' conduct as alleged above, Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body. Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of decedent, and will

continue to be so deprived for the remainder of their natural lives. Plaintiffs are also claiming funeral and burial expenses and los of financial support.

34. The conduct of DOE OFFICERS was malicious, oppressive and in reckless disregard for the rights and safety of decedent, and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE OFFICERS.

35. Accordingly, Defendant DOE OFFICERS are each liable to Plaintiffs for compensatory and punitive damages, including both survival damages and wrongful death damages, under 42 U.S.C. § 1983.

## THIRD CLAIM FOR RELIEF
**Denial of Medical Care in Violation of the Fourth and Fourteenth Amendments**
**(42 U.S.C. § 1983)**
**(Against Defendant DOE OFFICERS)**

36. PLAINTIFFS repeat and reallege each and every allegation in paragraphs 1 through 35 of this Complaint with the same force and effect as if fully set forth herein.

37. The Fourth Amendment to the US Constitution, which is applied to state actors by the Fourteenth Amendment, guarantees all individuals the right to be free from unreasonable searches and seizure and from excessive force by law enforcement. The Fourth Amendment also requires the provision of medical care to persons who have been injured while being apprehended by law enforcement. A private right of action is afforded to individuals seeking redress for denial of medical care in violation of the Fourth and Fourteenth Amendment by 42 U.S.C. § 1983.

38. DOE OFFICERS' unreasonable use of force against decedent, including but not limited to, hitting, punching and tasering him while he was in handcuffs, deprived him of his right to be secure in his person against unreasonable searches and seizures as guaranteed to the decedent under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth

Amendment, and further deprived decedent of due process as guaranteed to the him under the Fourteenth Amendment to the United States Constitution.

39. Given their use of force against decedent, Defendants DOE OFFICERS' knew that failure to treat decedent's medical condition could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing him great bodily harm and eventually death.

40. As a result of the conduct of DOE OFFICERS, they are liable for decedent's injuries, either because they were integral participants in the denial of appropriate medical care, or because they failed to intervene to prevent these violations.

41. Defendant DOE OFFICERS acted with deliberate indifference and with purpose to harm decedent that is unrelated to any legitimate law enforcement objective.

42. The conduct of DOE OFFICERS was willful, wanton, malicious and done with an evil motive and intent and a reckless disregard for the rights and safety of decedent and therefore warrants the imposition of exemplary and punitive damages as to DOE OFFICERS.

43. Plaintiffs bring this claim as successor-in-interest to decedent, and seek both survival and wrongful death damages for the violation of decedent's rights.

44. Plaintiffs also seek attorney fees under this claim.

### FOURTH CLAIM FOR RELIEF

**Substantive Due Process (42 U.S.C. § 1983)**

**(Against Defendants DOE OFFICERS)**

45. PLAINTIFFS repeat and reallege each and every allegation in paragraphs 1 through 44 of this Complaint with the same force and effect as if fully set forth herein.

46. Plaintiffs, as the parents of decedent, had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience.

47. As a result of the excessive and unreasonable force used by DOE OFFICERS, Plaintiffs' son decedent died. Plaintiffs were thereby deprived of their constitutional rights and familial relationship with their son.

48. The aforementioned DOE OFFICERS, acting under color of law, acted with deliberate indifference to decedents and plaintiffs' constitutional rights, and with purpose to harm unrelated to any legitimate law enforcement objective.

49. As a result of the aforementioned excessive and unreasonable force, decedent was caused to suffer severe pain and suffering and ultimately died. Also as a direct and proximate result of DOE OFFICERS' conduct as alleged above, Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body. Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of decedent, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs are also claiming funeral and burial expenses and los of financial support.

50. The conduct of Defendant DOE OFFICERS was malicious, oppressive and in reckless disregard for the rights and safety of decedent, and therefore warrants the imposition of exemplary and punitive damages as to Defendant officers.

51. Accordingly, Defendant DOE OFFICERS are each liable to Plaintiffs for compensatory and punitive damages, including both survival damages and wrongful death damages, under 42 U.S.C. § 1983.

-7-
COMPLAINT FOR DAMAGES

## FIFTH CLAIM FOR RELIEF

**Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

**(Against Defendants CITY and DOE SUPERVISORS)**

52. PLAINTIFFS repeat and reallege each and every allegation in paragraphs 1 through 51 of this Complaint with the same force and effect as if fully set forth herein.

53. On and for some time prior to October 1, 2012 (and continuing to the present date) Defendants CITY of LOS ANGELES and DOE SUPERVISORS, deprived decedent and Plaintiffs, of the rights and liberties secured to them by the Fourth and Fourteenth Amendments to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of decedent and Plaintiffs, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized CITY custom, policy, and practice of:

    (a) Employing and retaining as police officers and other personnel, including DOE OFFICERS, who Defendants CITY and DOE SUPERVISORS at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority by using excessive force and denying medical care, and for mistreating citizens by failing to follow written CITY detention policies;

    (b) Of inadequately supervising, training, controlling, assigning, and disciplining CITY Police Officers, and other CITY personnel, including DOE OFFICERS, who Defendants CITY and DOE SUPERVISORS each knew or in the exercise of reasonable care

should have known had the aforementioned propensities and character traits;

(c) By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants DOE OFFICERS, who are CITY employees;

(d) By failing to adequately train officers, including Defendants DOE OFFICERS, and failing to institute appropriate policies, regarding constitutional procedures and practices for use of force; and

(d) By having and maintaining an unconstitutional custom and practice of detaining and arresting individuals without probable cause or reasonable suspicion, using excessive force, failing to obtain medical care, depriving persons of life, liberty, and property so as to shock the conscience, which is also demonstrated by inadequate training regarding these subjects. The customs and practices of CITY and DOE SUPERVISORS were done with a deliberate indifference to individuals' safety and rights.

54. By reason of the aforementioned policies and practices of Defendants CITY and DOE SUPERVISORS, decedent was severely injured and subjected to pain and suffering. Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of decedent, and will continue to be so deprived for the remainder of their natural lives.

55. The aforementioned customs and practices of CITY were implemented and/or maintained with deliberate indifference to individuals' safety and rights.

56. Defendants CITY and DOE SUPERVISORS, together with various other officials, whether named or unnamed, had either actual or constructive

knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of decedent and Plaintiffs, and other individuals similarly situated.

57. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants CITY and DOE SUPERVISORS acted with an intentional, reckless, and callous disregard toward PLAINTIFF, and of the constitutional as well as human rights of PLAINTIFF. Defendants CITY and DOE SUPERVISORS and each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

58. Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Defendants CITY and DOE SUPERVISORS were affirmatively linked to and were a significantly influential force behind the injuries of decedent.

59. Accordingly, Defendants CITY and DOE SUPERVISORS each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

60. On information and belief, the aforementioned acts were willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary and punitive damages as to DOE SUPERVISORS.

## SIXTH CLAIM FOR RELIEF

### False Arrest/False Imprisonment

### (Against Defendants DOE OFFICERS and CITY)

61. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 60 of this Complaint with the same force and effect as if fully set forth herein.

62.     DOE OFFICERS, while working as police officers for the City of Los Angeles, and acting within the course and scope of their duties, intentionally deprived decedent of his freedom of movement by use of force, including deadly force, threats of force, menace, fraud, deceit, and unreasonable duress. DOE OFFICERS also detained decedent. Said detention was made without reasonable suspicion. There was an attempt to arrest the decedent. Said arrest was attempted without probable cause.

63.     Decedent did not knowingly or voluntarily consent.

64.     The conduct of DOE OFFICERS was a substantial factor in causing the harm of decedent.

65.     City of Los Angeles is vicariously liable for the wrongful acts of DOE OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

66.     The conduct of DOE OFFICERS was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of decedent, entitling Plaintiffs to an award of exemplary and punitive damages.

67.     Plaintiffs are seeking both survival and wrongful death damages under this claim.

### SEVENTH CLAIM FOR RELIEF

Battery (Cal. Govt. Code § 820 and California Common Law)

**(Against DOE OFFICERS and CITY)**

**(Wrongful Death)**

68.     PLAINTIFFS repeat and reallege each and every allegation in paragraphs 1 through 67 of this Complaint with the same force and effect as if fully set forth herein.

69. DOE OFFICERS, while working as Police Officers for the CITY, and acting within the course and scope of their duties, intentionally assaulted decedent. As a result, decedent suffered serious injuries. DOE OFFICERS had no legal justification for their actions, and said defendants' use of force against decedent, in tasering him, while carrying out their duties as officers and as CITY employees was an unreasonable use of force.

70. As a direct and proximate result of Defendants' conduct as alleged above, decedent was caused to suffer severe pain and suffering, and ultimately died. Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of decedent, and will continue to be so deprived for the remainder of their natural lives.

71. CITY is vicariously liable for DOE OFFICERS' wrongful acts pursuant to section 815.2 (a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

72. DOE OFFICERS' conduct was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of decedent, entitling Plaintiffs to an award of exemplary and punitive damages.

73. Plaintiffs are seeking both survival and wrongful death damages under this claim.

## **EIGHT CLAIM FOR RELIEF**
### Negligence (Cal. Govt. Code § 820 and California Common Law)
### (Against DOE OFFICERS and CITY)
### (Wrongful Death)

74. PLAINTIFFS repeat and reallege each and every allegation in paragraphs 1 through 73 of this Complaint with the same force and effect as if fully set forth herein.

75. The actions of DOE OFFICERS toward decedent were negligent and reckless, including but not limited to:

    (a) the failure to properly and adequately assess the need to detain, arrest, and use force against decedent;

    (b) the failure to monitor and record any use of force by CITY, including DOE OFFICERS;

    (c) the failure to monitor and record any injuries specifically caused by the use of force by CITY, including DOE OFFICERS;

    (d) the negligent tactics and handling of the situation with decedent;

    (e) the negligent detention, arrest, and use of force including deadly force against decedent;

    (f) the failure to properly train and supervise employees, both professional and non-professional, including DOE OFFICERS;

    (g) the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of decedent;

    (h) the failure to provide prompt medical care to decedent; and

    (i) the negligent handling of evidence and witnesses.

76. As a direct and proximate result of defendants' conduct as alleged above, and other undiscovered negligent conduct, decedent was caused to suffer severe pain and suffering, and ultimately died.

77. The CITY is vicariously liable for the wrongful acts of DOE OFFICERS pursuant to section 815.2 (a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

78. Plaintiffs are seeking both survival and wrongful death damages under this claim.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs requests entry of judgment their favor and against Defendants CITY OF LOS ANGELES and Does 1-10, inclusive, as follows:

- A. For compensatory damages under federal and state law, including wrongful death and survival damages, in an amount to be proven at trial;
- B. For punitive damages against the individual defendants in an amount to be proven at trial;
- C. For interest;
- D. For reasonable costs of this suit and attorneys' fees; and
- E. For such further other relief as the Court may deem just, proper, and appropriate.

DATED: October 10, 2013            LAW OFFICES OF DALE K. GALIPO

By /s/ Dale K. Galipo
Dale K. Galipo
Kaveh Navab
Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

DATED: October 10, 2013        LAW OFFICES OF DALE K. GALIPO

By: _____
Dale K. Galipo
Attorneys for Plaintiffs