UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-cv-07562-CAS(Ex) | Date | April 13, 2015 |
|---|---|---|---|
| Title | SARA VALTIERRA ET AL. V. CITY OF LOS ANGELES ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:  Attorneys Present for Defendants:

Not Present  Not Present

**Proceedings:** (IN CHAMBERS): PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF DECEDENT'S CRIMINAL HISTORY AND PRIOR CONTACTS WITH LAW ENFORCEMENT (dkt. 31, filed Feb. 26, 2015)

PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE GANG EVIDENCE (dkt. 32, field Feb. 26, 2015).

DEFENDANTS' MOTION IN LIMINE TO EXCLUDE CERTAIN OPINION TESTIMONY FROM PLAINTIFFS' EXPERT ROGER CLARK (dkt. 30, filed Feb. 23, 2015)

## I.   INTRODUCTION & BACKGROUND

The present action arises out of the death of Javier Arrazola, Jr. ("decedent"), allegedly as the result of the use of excessive force against him by several peace officers employed by the Los Angeles Police Department ("LAPD"). On October 11, 2013, decedent's parents, plaintiffs Sara Valtierra and Javier Arrazola, filed this action individually and in their capacity as heirs and successors in interest to decedent against the City of Los Angeles and Does 1-10. Dkt. 1. Plaintiffs subsequently filed the operative first amended complaint ("FAC") on July 1, 2014, adding as named defendants LAPD Officers Charles Wunder, Helene Noriega-Godoy, Lisa Tagg, and Matthew Whitelaw. Dkt. 19.

The FAC alleges the following claims: (1) unreasonable search and seizure – detention and arrest, in violation of 42 U.S.C. § 1983; (2) unreasonable search and seizure – excessive force, in violation of 42 U.S.C. § 1983; (3) unreasonable search and seizure – denial of medical care, in violation of 42 U.S.C. § 1983; (4) deprivation of substantive due process, in violation of 42 U.S.C. § 1983; (5) municipal liability for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-07562-CAS(Ex) | Date | April 13, 2015 |
| Title | SARA VALTIERRA ET AL. V. CITY OF LOS ANGELES ET AL. | | |

unconstitutional custom, practice, or policy, in violation of 42 U.S.C. § 1983; (6) false arrest/false imprisonment; (7) battery (wrongful death); and (8) negligence (wrongful death). Id. Plaintiffs seek, inter alia, wrongful death and survival damages. Id.

Trial in this matter is currently scheduled to commence on April 28, 2015. Defendants filed one motion *in limine* on February 23, 2015, dkt. 30, and plaintiffs filed two motions *in limine* on February 26, 2015, dkts. 31, 32. Plaintiffs filed an opposition to defendants' motion on March 2, 2015, dkt. 42, and defendants filed oppositions to plaintiffs' motions on March 9. 2015, dkt. 45. The Court held a haring on April 13, 2015. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

II.   DISCUSSION

    A.   **Plaintiffs' Motion *in Limine* to Exclude Evidence of Decedent's Criminal History and Prior Contacts with Law Enforcement**

Pursuant to Federal Rules of Evidence 401, 402, 403, and 404, plaintiffs seek to exclude all evidence of decedent's criminal history—including arrests, convictions, detentions, and any probation status—as well as decedent's prior contacts with law enforcement. Pls.' Mot. Exclude Crim. History at 2. Plaintiffs assert that this history is irrelevant and unduly prejudicial, and also constitutes improper character evidence. Id.

Plaintiffs anticipate, and defendants confirm, that this evidence will be proffered for two purposes. First, defendants seek to introduce this evidence to show decedent's state of mind at the time of the underlying incident. Defs.' Opp'n Pls.' Mots. Exclude at 2-3. In particular, defendants assert that because decedent was subject to a Deferred Entry of Judgment ("DEJ") at the time the underlying incident occurred, decedent possessed "a distinct motivation to attempt to avoid detention/arrest." Id. at 5. Second, defendants seek to proffer this evidence to undermine the strength of the relationship between plaintiffs and decedent, which defendants contend is relevant to plaintiffs' prayer for wrongful death damages. Id. at 3. Specifically, defendants point to plaintiffs' deposition testimony, in which they either denied or could not remember much of decedent's criminal history. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:13-cv-07562-CAS(Ex) | Date | April 13, 2015 |
|---|---|---|---|
| Title | SARA VALTIERRA ET AL. V. CITY OF LOS ANGELES ET AL. | | |

As to the first proposed use of the evidence at issue, the Court concludes that it is not relevant to plaintiffs' claim for excessive force. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and that fact "is of consequence in determining the action." Fed. R. Evid. 401. Only relevant evidence is admissible. Fed. R. Evid. 402. In an excessive force case such as this, the relevant inquiry is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Graham v. Connor, 490 U.S. 386, 397 (1989) (emphasis added). Thus, evidence regarding a decedent's criminal history may be relevant and admissible in an excessive force case, provided that the officers were aware of such information at the time of incident. Compare Ruvalcaba v. City of Los Angeles, 64 F.3d 1323, 1328 (9th Cir. 1995) (affirming admission of officers' testimony concerning "the facts known to them regarding [plaintiff]'s criminal past"), with Stringer v. City of San Pablo, 2009 WL 5215396 (N.D. Cal. Dec. 28, 2009) (concluding that evidence of plaintiff's criminal history was "overwhelmingly prejudicial" where officers lacked such knowledge when the incident occurred).

Here, it is undisputed that at the time defendants encountered decedent, defendants were unaware of decedent's identity, let alone decedent's criminal history or prior contacts with law enforcement. It follows that these "facts and circumstances" could not have informed defendants' actions during the underlying incident, and thus have no bearing on whether defendants' use of force was "objectively reasonable." Moreover, the suggestion that the decedent was more likely to resist arrest because of the existing DEJ is pure conjecture.[1]

---

[1] At the hearing, defendants contended that Boyd v. City & Cnty. of San Francisco, 576 F.3d 938, 944 (9th Cir. 2009), supports admission of decedent's DEJ. The Court disagrees. In Boyd, decedent was shot and killed by police officers after leading the officers on a high-speed car chase and exchanging gun fire. The jury returned a defense verdict and, on appeal, the decedent's family argued that the trial court erred by, inter alia, admitting evidence of the decedent's recent criminal history—including an arrest three days prior during which decedent urged the arresting officers to kill him. Id. at 942. On appeal, the Boyd court concluded that such evidence was directly relevant to defendants' "suicide-by-cop" theory and passed muster under Rule 403, since it made it "more probable that [decedent] was trying to provoke a police shootout, rather than trying to surrender." Id. at 945. Here, defendants do not advance a "suicide-by-cop" theory and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-cv-07562-CAS(Ex) | Date | April 13, 2015 |
|---|---|---|---|
| Title | SARA VALTIERRA ET AL. V. CITY OF LOS ANGELES ET AL. | | |

However, the Court concludes that evidence indicating plaintiffs' lack of awareness of decedent's criminal history and law enforcement contacts is relevant to plaintiffs' prayer for wrongful death and survival damages. Survivors seeking such damages may recover, inter alia, "noneconomic damages for being deprived of the decedent's society and comfort." Garcia v. Superior Court, 42 Cal. App. 4th 177, 187 (1996) (citing Krouse v. Graham, 19 Cal. 3d 59, 67-68 (1997)). The Court agrees with defendants that evidence of plaintiffs' claimed lack of awareness of decedent's criminal history is relevant to show that plaintiffs' "relationships with decedent were not particularly close." Defs.' Opp'n Pls.' Mots. Exclude at 3.

Defendants, however, have proffered no reason why the jury must be made aware of the nature of decedent's criminal history or law enforcement contacts. Rule 403 excludes relevant evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, waste of time, or needlessly presenting cumulative evidence." In light of the danger of unfair prejudice, the Ninth Circuit has cautioned that "evidence of other crimes or wrong acts is not looked upon with favor and must be carefully scrutinized to determine probative value." United States v. Aims Back, 588 F.2d 1283, 1287 (9th Cir. 1979). Moreover, admission of such evidence, even with a limiting instruction, risks being used as improper character evidence in violation of Rule 404(b). Here, the Court finds no probative value in evidence concerning the nature of decedent's criminal history, but finds a significant risk of unfair prejudice to plaintiffs pursuant to Rule 403.

In sum, the Court GRANTS plaintiffs' motion to exclude evidence and argument concerning the decedent's criminal record and law enforcement contacts. However, plaintiffs' motion is DENIED to the extent that it seeks to preclude defendants from proffering evidence concerning plaintiffs' awareness of this history, for the limited purpose of proving damages. Such testimony is admissible, with an appropriate limiting jury instruction explaining that the testimony may only be considered for this limited purpose.

---

thus any probative value that decedent's criminal history might bring to bear on decedent's desire to resist arrest is minimal. Simply put, the facts confronting the Boyd court differ vastly than the facts before this Court, and defendants' attempted analogy to the former is inapposite.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-07562-CAS(Ex) | Date | April 13, 2015 |
| Title | SARA VALTIERRA ET AL. V. CITY OF LOS ANGELES ET AL. | | |

### B. Plaintiffs' Motion *in Limine* to Exclude Gang Evidence

Plaintiffs also seek to exclude evidence and argument regarding decedent's alleged gang affiliation pursuant to Rules 401, 402, 403, and 404. See generally Pls.' Mot. Exclude Gang Evid.

For the same reasons discussed supra with regard to decedent's criminal history, the Court agrees with plaintiffs that evidence of decedent's alleged gang affiliation is not relevant to plaintiffs' claim of excessive force. If defendant officers were not aware of decedent's alleged gang affiliation at the time of the underlying incident—and defendants do not suggest they were—this information has no bearing on whether defendants actions were " 'objectively reasonable' in light of the facts and circumstances confronting them." Graham 490 U.S. at 397.

As with decedent's criminal history, defendants assert that evidence indicating plaintiffs' lack of awareness of decedent's alleged gang affiliation is relevant to plaintiffs' prayer for wrongful death and survival damages. The Court agrees that evidence concerning plaintiffs' awareness, or lack thereof, of the individuals with whom decedent associated is relevant to the damages inquiry, for the reasons discussed supra. However, the Court concludes that the probative value of any specific reference to decedent's alleged gang affiliation is significantly outweighed by the risk of unfair prejudice to plaintiffs. See Fed. R. Evid. 403; see also U.S. v. Alviar, 573 F.3d 526, 536 (7th Cir. 2009) (explaining the "substantial risk of unfair prejudice attached to gang affiliation evidence."); Wilson v. City of Chicago, 6 F.3d 1233 (7th Cir. 1993) (noting that, in a civil rights case against interrogating officers, it was improper for the district court to admit plaintiff's criminal history—turning "trial of the defendants into a trial of the plaintiff").

Accordingly, the Court GRANTS plaintiffs' motion to exclude evidence and argument concerning decedent's alleged gang affiliation in its entirety, with the understanding that defendants will be permitted to proffer evidence concerning plaintiffs' awareness of the individuals with whom decedent associated for the purpose of proving damages.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:13-cv-07562-CAS(Ex) | Date | April 13, 2015 |
|---|---|---|---|
| Title | SARA VALTIERRA ET AL. V. CITY OF LOS ANGELES ET AL. | | |

### C. Defendants' Motion *in Limine* to Exclude Certain Opinion Testimony from Plaintiffs' Expert Roger Clark

Plaintiffs have designated Roger Clark as an expert in both police procedures and tasers. Clark offers eight opinions, including, among others, that defendant Officer Wunder's use of force was excessive, unreasonable and unnecessary; that decedent's behavior did not justify use of physical force; that use of a taser on decedent was dangerous and injurious; that the defendant officer should have known that repeated use of the taser would heighten the risk for serious injury and death; and that the LAPD has inadequately trained its officers in, inter alia, the use of the taser. Mot. Exclude Expert, Ex. 1 ("Clark Report") at 4-7.

Defendants seek to exclude certain portions of Clark's testimony. First, defendants contend that some testimony should be excluded because it constitutes medical opinion, which Clark is unqualified to proffer. Mot. Exclude Expert at 4-7. Second, defendants assert that Clark's "misstatements" of the relevant law are inadmissible. Id. at 7. And finally, defendants identify five specific statements that they assert must be excluded as, inter alia, speculative, lacking in foundation, and irrelevant. Id. at 8-9.

Federal Rule of Evidence 702 provides that an expert may testify "in the form of an opinion or otherwise" if his or her "specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue." In Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 589 (1993), the Supreme Court, in addressing admissibility of "scientific expert evidence," held that FRE 702 imposes a "gatekeeping" obligation on the trial judge to "ensure that any and all scientific testimony . . . is not only relevant, but reliable." In Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999), the Supreme Court "clarified that the gatekeeping function is not limited to 'scientific' expert testimony, but applies to all expert testimony." United States v. Hankey, 203 F.3d 1160, 1167 (9th Cir. 2000). However, "[t]he Daubert factors were not intended to be exhaustive nor to apply in every case." Id. at 1168. Further, admissibility of expert opinion generally turns on preliminary questions of law determined by the trial judge, including inter alia, whether the testimony is relevant and reliable, and whether its probative value is substantially outweighed by risk of unfair prejudice, confusion of issues, or undue consumption of time. Id. at 1168.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:13-cv-07562-CAS(Ex) | Date | April 13, 2015 |
|---|---|---|---|
| Title | SARA VALTIERRA ET AL. V. CITY OF LOS ANGELES ET AL. | | |

      According to Clark's expert report, Clark is a twenty-seven year veteran of the Los Angeles County Sheriff's Department, who retired in 1993 holding a California Peace Officer Standards and Training ("POST") Advanced Certificate and having graduated the POST Command College. Clark Report at 18. Clark also states that, since his retirement, he has "become an expert in the features and use of TASER International's products, including the Model M26 and Model X26 ECDs." Id. at 22. Clark notes that he "own[s] each" of these products, "along with the download software," and has "reviewed all the TASER training materials and [is] familiar with the risks and tactics associated with these potentially lethal devices." Id. at 22-23.

      Turning to defendants' specific objections to Clark's report, defendants challenge several of Clark's opinions as improper medical testimony. For example, Clark opines that "excessive force [can] lead to extreme pain or death (as it did in this incident)." Clark Report at 6 (emphasis added). The Court agrees that Clark, who does not have any medical credentials or experience, is not qualified to proffer such opinions, which speak to decedent's alleged cause of death. See LeBlanc v. City of Los Angeles, 2006 WL 4752614, at *9 (C.D. Cal. Aug. 16, 2006) (precluding Clark from describing taser as a "death weapon," since "[t]he term connotes that [the] Taser was the cause of death, yet Roger Clark is not a medical expert qualified to render a cause-of-death opinion.").

      When read in context, however, many of the opinions that defendants characterize as "medical" are actually based on Clark's policing experience and relevant police guidelines. For example, defendants challenge Clark's opinion that "it would be obvious to any officer that . . . [decedent] grew increasingly stressed from having ingested methamphetamine and was struggling to breathe because he had been placed on his stomach." Clark Report at 5. Similarly, defendants challenge Clark's opinion that repeated use of the taser "combined with the fact that [the officer] knew [decedent] had just ingested a large amount of methamphetamine shows a reckless and unreasonable use of force[,] [since] [i]t is clear that [the officer] knew (through his training and experience) that repeated taserings would heighten the risk for serious injury or death." Id. at 5. The Court agrees with plaintiffs that Clark "is not opining on medical issues but rather [on] what a reasonable officer with adequate training in [the officer's] position should have known and would have been able to assess given the circumstances." Opp'n Mot. Exclude Expert at 4; see also LeBlanc, 2006 WL 4752614, at *10 (finding Clark's "assessment that [decedent] did not have the 'superhuman' strength described by [defendant]" did not constitute medical opinion since "[r]ead in context . . . [the]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-cv-07562-CAS(Ex) | Date | April 13, 2015 |
|---|---|---|---|
| Title | SARA VALTIERRA ET AL. V. CITY OF LOS ANGELES ET AL. | | |

statement[] relate[s] that, based on [Clark's] experience and relevant police guidelines, the numerically superior LAPD officers could have overpowered [decedent] without resorting to the Taser weapon"); Davis v. Mason County, 927 F.2d 1473, 1484-85 (9th Cir. 1991) (as amended) (finding testimony of plaintiffs' police practices expert that officers violated law enforcement standards properly received).

That said, the fact that Clark owns two tasers and has read TASER International's training materials does not render him "an expert in the features and use of TASER International's products" who is qualified to opine on the effects of such use. See Barber v. City of Santa Rosa, 2010 WL 5069868, at *8 (N.D. Cal. Dec. 7, 2010) ("[E]ven assuming Clark's qualification to offer an opinion as to the general use and deployment of tasers, plaintiffs fail to show he qualifies as an expert on the physiological effect of [the] taser on [decedent]."). Thus, Clark may opine on whether tasers may cause bodily injury and when taser deployment is an appropriate use of force—but only to the extent that such testimony is based on Clark's expertise in POST and other law enforcement standards. However, Clark may not testify as to the medical consequences of the use of a taser on decedent, nor as to any purported expert knowledge of the taser product. See id. at *7 (noting that Clark has never "conducted or authored any studies related to tasers").[2]

---

[2] Defendants also assert that they expect plaintiffs will attempt to introduce certain TASER International product warnings "or similar documents" into evidence through Clark, "or at least refer to such documents in front of the jury." Mot. Exclude Expert at 5. Defendants contend that the documents constitute "impermissible hearsay" and that Clark "lacks the expertise and foundation to discuss[] the issues presented therein." Id. As noted above, the Court agrees that Clark is not an expert who is qualified to opine on the taser *qua* taser. However, there is no merit to defendants' implied argument that Clark's expert report is deficient because it references publications and other policies that may be inadmissible hearsay. Clark is entitled to rely on hearsay evidence to support his conclusions, so long as that evidence is "of a type reasonably relied upon by experts in the particular field." Fed. R. Evid. 703; see Baumholser v. Amax Coal Co., 630 F.2d 550, 553 (7th Cir. 1980) (testifying expert "was entitled to rely on hearsay evidence to support his opinion, so long as that evidence was of a type reasonably relied upon by other experts in the field.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:13-cv-07562-CAS(Ex) | Date | April 13, 2015 |
|---|---|---|---|
| Title | SARA VALTIERRA ET AL. V. CITY OF LOS ANGELES ET AL. | | |

     Second, defendants contend that Clark "misstates the law" in opining that the defendant officer "failed to use the required more reasonable (less forceful) methods when dealing with [decedent]." Mot. Exclude Expert at 7 (quoting Clark Report at 5). Defendants are correct that the question in an excessive force case is simply whether the use of force was objectively reasonable, not whether it was "more reasonable" or "less reasonable." However, reading Clark's opinion in context, it is clear that Clark is not attempting to state the law, correctly or otherwise; rather, Clark is opining that, in light of the training the defendant officers received, "[decedent's] behavior did not justify any use of physical force." Clark Report at 5. Clark is qualified to offer such an opinion.

     Nonetheless, it appears that several of Clark's opinions, as currently formulated, are not helpful to the jury because they constitute impermissible legal conclusions. See Elsayed Mukhtar v. California State Univ., Hayward, 299 F.3d 1053, 1066 (9th Cir. 2002), overruled on other grounds by Estate of Barabin v. AstenJohnson, Inc., 740 F.3d 457 (9th Cir. 2014) ("Federal Rule of Evidence 704(a) provides that expert testimony that is 'otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact.' However, an expert witness cannot give an opinion as to her *legal conclusion, i.e.,* an opinion on an ultimate issue of law.") (emphasis in original) (citations omitted). For example, Clark repeatedly opines that the use of force was "excessive" or "unreasonable" under the circumstances. See, e.g., Clark Report at 6 (concluding there was an "unreasonable use of force"). Whether the officers' actions were "objectively reasonable" in light of the facts and circumstances confronting them is, however, a question for the jury or, if no material facts are in dispute, for the Court. See Scott v. Henrich, 39 F.3d 912, 916 (9th Cir. 1994). Although the Court finds that Clark is qualified to opine as to whether the officers' use of force was excessive or unreasonable, the Court concludes that such testimony should be explored through hypothetical questioning so as to avoid invading the province of the jury. Accord Engman v. City of Ontario, 2011 WL 2463178, at *7 (C.D. Cal. June 20, 2011).[3]

     Finally, defendants object to the following specific opinions as speculative or lacking in foundation: (1) defendant Wunder "appears to be the aggressive instigator," Clark Report at 4; (2) defendant Wunder's actions constitute a "deliberate and gross failure to abide by POST standards and the law," id.; (3) "The incident escalated into

---

[3] However, the Court concludes that Clark's opinion that the incident constituted a "torturous" use of force, Clark Report at 6, is not helpful to the jury.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                  'O'

| Case No. | 2:13-cv-07562-CAS(Ex) | Date | April 13, 2015 |
|---|---|---|---|
| Title | SARA VALTIERRA ET AL. V. CITY OF LOS ANGELES ET AL. | | |

grossly unlawful, unnecessary and excessive violence," id. at 5; (4) defendant Wunder "escalated the incident into such a level of unnecessary and excessive violence that he violated Section 149 of the [California] Penal Code, Assault Under Color of Authority," id.; and (5) "The LAPD through its chain of command appears to have endorsed the dangerous and out-of-policy tactics that are connected to this incident. As such, their collective approval of these tactics puts the general public at unnecessary future risk of death and/or injury from their personnel who have been, or are now, similarly trained and/or supervised," id. at 8.

As to the first opinion, the Court concludes that it would not be helpful to the trier of fact in determining whether defendants' actions were objectively reasonable and should be excluded accordingly. Fed. R. Evid. 702. With regard to the second and third opinions, as discussed supra, the Court finds that Clark is qualified to opine on whether the use of force was excessive or unreasonable, but he may only do so in a hypothetical manner to avoid invading the province of the jury. See Engman, 2011 WL 2463178, at *7. Next, the Court concludes that Clark's fourth opinion is a conclusion of law that should be excluded because it is not likely to assist the trier of fact. Fed. R. Evid. 702. Finally, although the Court disagrees that Clark's fifth opinion lacks foundation, testimony concerning LAPD practices is relevant only to plaintiffs' claims for municipal liability, and thus is not admissible in the individual liability phase of the trial.

To summarize: statement one (1) is inadmissible; statements (2) and (3) are inadmissible, but Clark may only testify to the unlawfulness, excessiveness, or unreasonableness of the use of force in a hypothetical manner; statement (4) is inadmissible; and statement (5) is solely admissible during the municipal liability phase of trial.

In conclusion, the Court finds that Clark is an expert in police training and procedures and may generally testify in this capacity, so long as such testimony does not invade the province of the jury. However, Clark is neither an expert in tasers nor medicine, and he thus cannot proffer opinions that rely on any such purported expertise. Accordingly, defendants' motion to exclude Clark's testimony is DENIED in part and GRANTED in part, as explained above.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-cv-07562-CAS(Ex) | Date | April 13, 2015 |
|---|---|---|---|
| Title | SARA VALTIERRA ET AL. V. CITY OF LOS ANGELES ET AL. | | |

## III. CONCLUSION

In accordance with the foregoing, the Court GRANTS in part and DENIES in part plaintiffs' motion to exclude evidence and argument concerning the decedent's criminal record and law enforcement contacts. The Court also GRANTS plaintiffs' motion to exclude evidence and argument concerning decedent's alleged gang affiliation in its entirety, with the understanding that defendants will be permitted to proffer evidence concerning plaintiffs' awareness of the individuals with whom decedent associated for the purpose of proving damages. Finally, the Court GRANTS in part and DENIES in part defendants' motion to exclude plaintiffs' expert testimony.

To the extent that the parties' motions are denied, they are denied without prejudice to their renewal.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |